UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDWARD JACKSON** | **CIVIL ACTION** |
| **VERSUS** | **NO.  10-4236** |
| **ANTONIO JOHNSON, MAJOR,** **ACTING WARDEN - MADISON PARISH DET. CTR.** | **SECTION "S"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

### I.    Factual Background

The petitioner, Edward Jackson ("Jackson"), is a convicted inmate currently housed in the Tensas Parish Detention Center in Waterproof, Louisiana.[2]  On November 19, 2003, Jackson was charged by bill of information in Jefferson Parish with two counts of distribution of cocaine in Case

---

[1]Under 28 U.S.C. § 2254(e)(2), an Evidentiary Hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 11.

No. 03-7207.[3] On November 4, 2003, Jackson was released on bond due to prison overcrowding, and an attachment had to be issued for his failure to appear for his scheduled arraignment on December 18, 2003.[4]

On February 26, 2004, Jackson appeared for his arraignment and entered a plea of not guilty to the charges.[5] He was again released on bond due to prison overcrowding on April 17, 2004.[6]

Another attachment was issued when Jackson failed to appear for his scheduled trial on June 23, 2004.[7] He was eventually re-arrested on October 28, 2004.[8] Thereafter, on December 14, 2004, Jackson was charged in a separate bill of information with three counts of distribution of cocaine in Case No. 04-8066.[9]

On January 31, 2005, Jackson entered pleas of guilty to the charges in both cases.[10] In Case No. 03-7207, he received 15 years in prison on each of counts one and two, to run concurrently with each other and the sentence to be imposed in the other case and with the first two years to be served without benefit of parole, probation, or suspended sentence.[11] In Case No. 04-8066, he received 5

---

[3] St. Rec. Vol. 1 of 3, Bill of Information, 03-7207, 11/19/03.

[4] St. Rec. Vol. 1 of 3, Prison Overcrowding Release, 11/4/03; Minute Entry, 12/18/03; Attachment, 12/18/03.

[5] St. Rec. Vol. 1 of 3, Minute Entry, 2/26/04.

[6] St. Rec. Vol. 1 of 3, Prison Overcrowding Release, 4/17/04.

[7] St. Rec. Vol. 1 of 3, Minute Entry, 6/23/04.

[8] St. Rec. Vol. 1 of 3, Arrest Register, 10/28/04.

[9] St. Rec. Vol. 2 of 3, Bill of Information, 04-8066, 12/14/2004.

[10] St. Rec. Vol. 1 of 3, Plea Minutes, 03-7207, 1/31/05; Acknowledgment and Waiver of Constitutional Rights - Guilty Plea, 03-7207, 1/31/05; St. Rec. Vol. 2 of 3, Plea Minutes, 04-8066, 1/31/05; Acknowledgment and Waiver of Constitutional Rights - Guilty Plea, 04-8066, 1/31/05.

[11] St. Rec. Vol. 1 of 3, Plea Minutes, 03-7207, 1/31/05.

years in prison on each of counts one, two, and three to run concurrently with each other and with the sentences imposed in the other case.[12]

In connection with the latter case, the State also filed a multiple bill to which Jackson also entered a guilty plea as part of the overall plea agreement.[13] He was re-sentenced as a multiple offender to serve 15 years in prison to run concurrently with the other sentences imposed and with the first two years to be served without benefit of parole, probation, or suspended sentence.[14]

Jackson's convictions and sentences became final 30 days later, on March 2, 2005, when he did not appeal or seek reconsideration of his sentence. *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (under federal habeas law, a conviction is final when the state defendant does not timely proceed to the next available step in the state appeal process); *see Cousin v. Lensing*, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the five-day period for filing a notice of appeal under La. Code Crim. P. art. 914).[15]

On March 23, 2005, Jackson filed his first of many motions requesting free copies of documents and transcripts under both case numbers.[16] The Trial Court, in both cases, denied the

---

[12] St. Rec. Vol. 2 of 3, Plea Minutes, 04-8066, 1/31/05.

[13] *Id.*; Multiple Bill, 1/31/05.

[14] *Id.*

[15] The *Cousin* court recognized that the failure to move timely for appeal under La. Code Crim. P. art. 914 rendered the conviction and sentence final at the expiration of that period. *State v. Counterman*, 475 So.2d 336, 338 (La. 1985). At the time of *Cousin*, La. Code Crim. P. art. 914 required that a criminal defendant move for leave to appeal within five days of the order or judgment being appealed or of a ruling on a timely motion to reconsider a sentence. Article 914 was later amended by La. Acts 2003, No. 949, § 1 to provide 30 days for filing of the notice of appeal.

[16] St. Rec. Vol. 1 of 3, Motion for Production of Documents (both cases), 3/23/05.

3

motion in part finding he was not entitled to certain free copies and granted it in part to provide him with a copy of the plea transcript.[17]

Jackson submitted a motion to clarify the record under both case numbers on October 24, 2006.[18] He sought a clarification of his counts so that he could request a master record from the Louisiana Department of Corrections. The Trial Court denied the motion noting its uncertainty with the relief actually sought.[19] Jackson did not seek review of this order.

Jackson thereafter filed several more requests for production of certain documents and the plea transcript in one or both of his cases.[20] Each motion was denied by the state courts or granted only as to the plea transcript.[21]

On December 12, 2007, Jackson submitted an application for post-conviction relief in Case No. 04-8066 in which he raised three grounds for relief:[22] (1) he was denied the right to appeal; (2) counsel was ineffective in executing the plea agreement; and (3) the State withheld favorable evidence. On January 22, 2008, the Trial Court sua sponte denied Jackson's outstanding request for the plea transcript noting that it had been lost by the court reporter during Hurricane Katrina.[23] Thereafter, on February 13, 2008, the Trial Court denied the post-conviction application finding no

---

[17]St. Rec. Vol. 1 of 3, Trial Court Order, 03-7207, 4/12/05; Trial Court Order, 03-7207, 4/26/05; St. Rec. Vol. 2 of 3, Trial Court Order, 04-8066, 4/12/05; Trial Court Order, 04-8066, 4/26/05.

[18]St. Rec. Vol. 1 of 3, Motion to Clarify the Record, 10/24/06.

[19]St. Rec. Vol. 1of 3, Trial Court Order (both cases), 12/13/06.

[20]St. Rec. Vol. 1 of 3, Motion for Production of Public Records (both cases), 11/21/06; St. Rec. Vol. 2 of 3, Motion for Production of Public Records, 04-8066, 2/21/07; Motion for Production of Public Records, 04-8066, 9/27/07.

[21]St. Rec. Vol. 1 of 3, Trial Court Order (both cases), 12/30/06; St. Rec. Vol. 2 of 3, Trial Court Order, 04-8066, 2/28/07; 5th Cir. Order, 07-KH-680 (related to 04-8066), 9/13/07; Trial Court Order, 04-8066, 10/10/07.

[22]St. Rec. Vol. 2 of 3, Uniform Application for Post-Conviction Relief, 04-8066, 12/17/07 (dated 12/12/07).

[23]St. Rec. Vol. 2 of 3, Trial Court Order, 04-8066, 1/23/08; Letter from Court Reporter, 04-8066, 1/9/08.

merit in the claims raised.[24] Jackson filed a notice of intent to seek review of this order, and was allowed until June 16, 2008, to file a writ application with the appellate court.[25] The record does not contain any indication that Jackson filed the writ application or sought further review of the Trial Court's order.

In the meantime, on May 13, 2008, Jackson filed a motion to amend or modify his sentence in Case No. 04-8066 based on his age and rehabilitative efforts in jail.[26] The Trial Court denied the motion noting that Jackson agreed to his sentence and that La. Code Crim. P. art. 881 bars amendment of a sentence already being served and only allows for amendment of a sentence ordered without hard labor.[27] Jackson did not seek review of this order.

Jackson filed additional motions seeking copies of his record documents and transcripts in both cases.[28] The Trial Court denied each of the motions.[29]

---

[24]St. Rec. Vol. 2 of 3, Trial Court Order, 04-8066, 2/13/08.

[25]St. Rec. Vol. 2 of 3, Notice of Intent to Apply for Writs, 04-8066, 3/26/08; Trial Court Order, 04-8066, 5/19/08.

[26]St. Rec. Vol. 2 of 3, Motion to Amend and/or Modify Sentence, 04-8066, 5/13/08.

[27]St. Rec. Vol. 2 of 3, Trial Court Order, 04-8066, 5/21/08.

[28]St. Rec. Vol. 2 of 3, Motion for Production of Public Records (both cases), 7/8/08; Motion for Production of Public Documents (both), 1/27/09.

[29]St. Rec. Vol. 2 of 3, Trial Court Order, 04-8066, 7/22/08; Trial Court Order, 04-8066, 2/4/09; St. Rec. Vol. 1 of 3, Trial Court Order, 03-7207, 7/22/08; Trial Court Order, 03-7207 (undated).

Thereafter, on March 9, 2009, Jackson submitted a motion for verification of the terms of his plea agreement.[30] The Trial Court denied the motion on March 20, 2009, finding that Jackson was not entitled to withdraw his plea in either case.[31] He did not seek further review of this order.

On May 14, 2009, Jackson submitted to the Trial Court a motion under both case numbers seeking to correct his illegal sentence claiming that he never entered a plea of guilty to the multiple bill offered in Case No. 04-8066.[32] The Trial Court denied the motion on May 22, 2009, finding his claims to be meritless based on the record documents in both cases.[33]

On July 9, 2009, Jackson submitted an untimely[34] writ application to the Louisiana Fifth Circuit seeking review of the Trial Court's order under both case numbers.[35] The Court denied the application on August 14, 2009, finding that the motion to correct an illegal sentence was actually an untimely application for post-conviction relief.[36] The Court further held that review of such an application was barred as untimely under La. Code Crim. P. art. 930.8.

The Louisiana Supreme Court denied Jackson's related writ application on August 18, 2010, as procedurally improper and untimely citing La. Code Crim. P. art. 930.8,[37] *State ex rel. Glover v.*

---

[30]St. Rec. Vol. 1of 3, Motion for Verification of His Plea Bargain Agreement (both cases), 3/12/09 (dated 3/9/09).

[31]St. Rec. Vol. 1 of 3, Trial Court Order, 03-7207, 3/20/09.

[32]St. Rec. Vol. 2 of 3, Motion to Correct Illegal Sentence, 5/19/09 (dated 5/14/09).

[33]St. Rec. Vol. 1 of 3, Trial Court Order (both cases), 5/22/09.

[34]La. App. R. 4-3 grants no more than 30 days for a litigant to seek a supervisory writ from an intermediate appellate court after the district court's ruling. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001).

[35]St. Rec. Vol. 3 of 3, Copy of 5th Cir. Writ Application, 09-KH-492, dated 7/9/09.

[36]St. Rec. Vol. 1 of 3, 5th Cir. Order, 09-KH-492, 8/14/09.

[37]At the time of his conviction, La. Code Crim. P. art. 930.8 provided a two-year period for a defendant to file for post-conviction relief in the state courts.

*State*, 660 So.2d 1189 (La. 1995),[38] *State v. Parker*, 711 So.2d 694 (La. 1998),[39] La. Code Crim. P. art. 930.3,[40] and *State ex rel. Melinie v. State*, 665 So.2d 1172 (La. 1996)[41].[42]

## II.   **Federal Petition**

On November 18, 2010, the clerk of this Court filed Jackson's petition for federal habeas corpus relief, in which he argues that he received an illegal sentence that was harsher than agreed upon in his plea agreement, where he was sentenced as a multiple offender without notice or a hearing.[43]

The State filed a response in opposition to Jackson's petition alleging that the petition was not timely filed and should be dismissed for that reason.[44]

---

[38]In *Glover*, the Louisiana Supreme Court held that an appellate court can deny post-conviction relief as untimely under La. Code Crim. P. art. 930.8, even if the lower court addressed the merits or did not consider timeliness.

[39]In *Parker*, the Louisiana Supreme Court held that the limitation period under La. Code Crim. P. art. 930.8, preempts the language in La. Code Crim. P. art. 882 dealing with the timing of a motion to correct illegal sentence.

[40]Under La. Code Crim. P. art. 930.3, post-conviction relief will not be granted unless the petitioner establishes that: (1) the conviction was obtained in violation of the state or federal constitution; (2) the court exceeded its jurisdiction; (3) the conviction or sentence subjected him to double jeopardy; (4) the limitations on the institution of the prosecution had expired; (5) the statute creating the offense for which he was convicted and sentenced is unconstitutional; (6) the conviction or sentence constitute the ex post facto application of law in violation of the federal or state constitution; (7) the results of DNA testing performed proves by clear and convincing evidence that the petitioner is factually innocent of the crime for which he was convicted.

[41]In *Melinie*, the Louisiana Supreme Court, relying on La. Code Crim. P. Art. 930.3, ruled that claims of excessive sentence or errors in sentencing which should be raised on direct appeal were not proper grounds for post-conviction relief.

[42]St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2009-KH-2093, 8/18/10; La. S. Ct. Writ Application, 09-KH-2093, 9/24/09 (dated 9/10/09); St. Rec. Vol. 1 of 3, La. S. Ct. Letter, 2009-KH-2093, 9/24/09.

[43]Rec. Doc. No. 3.

[44]Rec. Doc. No. 10.

### III.   General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[45] applies to this petition, which is deemed filed in this Court under the federal mailbox rule on October 20, 2010.[46] The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c) (2006)).

In this case, the State concedes exhaustion and alleges that Jackson's petition is not timely filed. The Court agrees with the State's conclusion for the following reasons.

### IV.   Statute of Limitations

The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final.[47] *Duncan v. Walker*, 533 U.S. 167, 179-80 (2001). As discussed above,

---

[45] The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[46] The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Jackson's petition on November 18, 2010. Jackson's signature on the petition is dated October 20, 2010. This is the earliest date on which he could have submitted the pleadings to prison officials for mailing. The fact that he paid the filing fee on a later date does not alter the application of the federal mailbox rule to his pro se petition. *See Cousin v. Lensing*, 310 F.3d 843, (5th Cir. 2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing *Spotville*, 149 F.3d at 374).

[47] The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

### III.   General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[45] applies to this petition, which is deemed filed in this Court under the federal mailbox rule on October 20, 2010.[46] The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c) (2006)).

In this case, the State concedes exhaustion and alleges that Jackson's petition is not timely filed. The Court agrees with the State's conclusion for the following reasons.

### IV.   Statute of Limitations

The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final.[47] *Duncan v. Walker*, 533 U.S. 167, 179-80 (2001). As discussed above,

---

[45] The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[46] The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Jackson's petition on November 18, 2010. Jackson's signature on the petition is dated October 20, 2010. This is the earliest date on which he could have submitted the pleadings to prison officials for mailing. The fact that he paid the filing fee on a later date does not alter the application of the federal mailbox rule to his pro se petition. *See Cousin v. Lensing*, 310 F.3d 843, (5th Cir. 2002) (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing *Spotville*, 149 F.3d at 374).

[47] The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

Jackson's convictions were final on March 2, 2005, which was 30 days after he entered his plea of guilty and did not seek review. Under the plain language of § 2244, Jackson had until March 3, 2006, to file a timely federal application for habeas corpus relief and he failed to do so. Thus, literal application of the statute would bar Jackson's § 2254 petition as of that date unless he is entitled to tolling as provided for by the AEDPA.

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *See* 28 U.S.C. § 2244(d)(2) (2006). In order for a state post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Williams v. Cain*, 217 F.3d 303, 306-07 n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir. 1999), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999). For purposes of the AEDPA, a timeliness calculation in Louisiana requires the

---

A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (2006).

application of the prison mailbox rule to state pleadings. *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.'") (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000)); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 264 F.3d 310, 316 (3d Cir. 2001), *overruled on other grounds by Carey*, 536 U.S. at 122 (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. *Godfrey v. Dretke*, 396 F.3d 681, 686-88 (5th Cir. 2005).

Furthermore, requests for documents and transcript copies like those filed by the petitioner in the state courts are not other collateral review for purposes of the tolling calculation. *Osborne v. Boone*, 176 F.3d 489, 1999 WL 203523, at *2 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcript copies is not "other collateral review" for tolling purposes); *Brown v. Cain*, 112 F. Supp.2d 585, 587 (E.D. La. 2000), *aff'd*, 239 F.3d 365 (5th Cir. 2000); *Gerrets v. Futrell*, No.

01-3080, 2002 WL 63541 (E.D. La. Jan. 16, 2002) (Vance, J.); *Jones v. Johnson*, No. 01-CV-0115-G, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts); *Grayson v. Grayson*, 185 F. Supp.2d 747, 751-52 (E.D. Mich. Jan. 3, 2002) (delay in receipt of transcript not required to file the application, does not warrant equitable tolling); *Cf. Gonzales v. Wilkinson*, 269 Fed. Appx. 481, 484-86 (5th Cir. Mar. 12, 2008) (delay in receiving transcript copies does not warrant statutory or equitable tolling where motion based on the transcript was not timely or properly filed under state law).

In this case, the AEDPA's one-year filing period began to run on March 2, 2005, the day after Jackson's convictions were final. The period ran uninterrupted for 365 days until March 3, 2006, when it expired. Jackson had no properly filed state post-conviction or other collateral review pending during that time period. His pursuit of documents and transcripts did not constitute such review and did not provide him with any tolling benefit. Another 648 days would pass after the end of the AEDPA filing before he submitted his first application for post-conviction relief to the state trial court in Case No. 04-8066 on December 12, 2007. That pleading, filed in the state courts after expiration of the AEDPA filing period, does not provide any tolling benefit. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

The Court also finds that Jackson allowed another 327 days to pass between the resolution of his motion to amend or modify his sentence which was, final on June 20, 2008, and the submission for filing of his motion to correct the illegal sentence on May 14, 2009. He also allowed another 63 days to pass after denial of his post-conviction writ by the Louisiana Supreme Court on August 18, 2010, and the submission of his federal petition on October 20, 2010. This was over

another year passing without a properly filed state post-conviction or other collateral review pending in the state courts.

The Court further notes that some courts in this district have recognized and applied an 86-day suspension period, from September 1 through November 25, 2005, which was granted by the Chief Judge of this Court following Hurricane Katrina. *See Hooker v. Cooper*, No. 10-1624, 2011 WL 335606, at *1 (E.D. La. Jan. 31, 2011) (Lemmon, J.) (citing *Mark v. Michael*, No. 08-1261, 2008 WL 4365929, at *2 (E.D. La. Sep. 23, 2008) (Engelhardt, J.) (order adopting Report and Recommendation)); *Barley v. La. Dept. of Corr.*, No. 06-2441, 2009 WL 2872932, at *3 (E.D. La. Sep. 2, 2009) (Feldman, J.) (order adopting Report and Recommendation). These Courts have applied the suspension period to AEDPA filing periods running through the Fall of 2005, as the period does in this case.

In Jackson's case, however, even if this suspension period is applied, it would not alter the fact that Jackson's federal petition is not timely filed. At best, the suspension period would extend the filing period to Sunday, May 28, 2006, or the next non-holiday,[48] Tuesday, May 30, 2006. Jackson still had no properly filed state post-conviction or other collateral review pending during that extended period which would have afforded him additional statutory tolling. Thus, the application of this Hurricane Katrina suspension period would not render his federal petition timely or provide him any additional tolling.

The post-AEDPA jurisprudence also provides for equitable tolling where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus. *Pace*, 544 U.S. at 418; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert.*

---

[48]Monday, May 29, 2006, was Memorial Day.

12

*denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. *Pace*, 544 U.S. at 418-19; *Cousin*, 310 F.3d at 848.

In this case, Jackson has not presented, and the record does not demonstrate, any basis for extending the extraordinary remedy of equitable tolling.[49] Even if Jackson were to suggest that he was delayed by his efforts to obtain copies of his plea transcript, this would not afford him any equitable tolling. As indicated by his procedural history, he did not need the plea transcript to file for relief in his cases. He in fact submitted his application for post-conviction relief on December 12, 2007, which was over a month before the Trial Court announced that the transcript notes had been lost in Hurricane Katrina. This demonstrates his ability to pursue relief without the transcript. Thus, the delay or inability to obtain the transcripts had no impact on his opportunity to file for relief. He was neither misled nor prevented from asserting his rights. He is not entitled to equitable tolling.

---

[49]Equitable tolling has only been extended under extraordinary circumstances outside the control of the petitioner. *See Holland*, 130 S.Ct. at 2574-75 (equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); *United States v. Wynn*, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); *Coleman*, 184 F.3d at 402 ("A garden variety claim of excusable neglect does not support equitable tolling."); *Fisher*, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

Jackson's federal petition is deemed filed on October 21, 2010, which is almost three and one-half years after the AEDPA filing period expired on March 3, 2006, or alternatively, on May 30, 2006, if the Hurricane Katrina suspension period is considered. Jackson's federal petition under either calculation is untimely and must be dismissed for that reason.

## V.   Recommendation

It is therefore **RECOMMENDED** that Edward Jackson's petition for issuance of a writ of habeas corpus filed under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[50]

New Orleans, Louisiana, this 29th day of June, 2011.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[50]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.